IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EPIC GAMES, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 5:22-cv-186-D<br>)<br>)<br>) |
| FABRIQUE INNOVATIONS, INC.<br>D/B/A/ SYKEL ENTERPRISES, | )<br>)<br>) |
| Defendant. | )<br>) |

## INJUNCTION AND DISMISSAL

Pursuant to Fed. R. Civ. P. 41 and 65, and the stipulation entered into by Plaintiff Epic Games, Inc. ("Epic") and Defendant Fabrique Innovations, Inc. d/b/a Sykel Enterprises ("Fabrique") (collectively, the "Parties"), **IT IS ORDERED AS FOLLOWS.**

1. This Court has jurisdiction over the parties and subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over Epic's state law claims pursuant to 28 U.S.C. § 1367(a). This Court also has diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

3. This is an action for breach of contract, trademark infringement and false designation of origin in violation of the Lanham Act, common law trademark infringement, and state and common law unfair competition.

4. Epic alleges that Fabrique failed to pay monies owed under the License Agreement between the parties, as amended, and after the Agreement was terminated made

unauthorized use of Epic's trademarks and intellectual property related to its Fortnite brand, including: common law trademarks; internationally-registered trademarks including but not limited to the following: U.S. Trademark Registration Nos. 4,481,629 (FORTNITE); 5,595,766 (FORTNITE and design); 5,789,900 (FORTNITE); 5,815,370 (FORTNITE); 5,789,901 (FORTNITE and design); 5,886,389 (FORTNITE and design); 6,622,892 (FORTNITE and design); 6,479,290 (FORTNITE); 6,441,460 (FORTNITE and design); and 5,705,339 (FORTNITE) (collectively, the "FORTNITE Marks"); and the associated characters, character names, costumes, environmental settings, plot elements, artwork, logos and other creative elements (all together "FORTNITE Intellectual Property").

5. The Parties have agreed to resolve this matter.

6. **Permanent Injunction**. Fabrique and its agents, representatives, partners, joint venturers, servants, employees, and all those persons or entities acting in concert or participation with Fabrique or at Fabrique's direction, control, in the interest of Fabrique, hereafter are permanently enjoined from undertaking any of the following activities:

> (a) making any unauthorized use or otherwise infringing the FORTNITE Intellectual Property including creating, manufacturing, producing, marketing, advertising, promoting, offering for sale, and/or distributing or otherwise products that use or infringe the FORTNITE Intellectual Property now or hereafter;
>
> (b) assisting in the creation, production, manufacture, marketing, advertising, promotion, distribution and/or offering for sale or otherwise any product that makes unauthorized use of or infringes the FORTNITE Intellectual Property;
>
> (c) engaging in any other activity that constitutes an infringement of Epic's trademarks or the FORTNITE Intellectual Property;
>
> (d) engaging in conduct that unfairly competes with Epic in any manner whatsoever;
>
> (e) assisting, aiding, abetting, directing, or ordering any other person or entity in engaging in or performing any of the activities referenced in paragraphs 6(a) through 6(d) above.

7. **Certain Claims Unaffected.** Nothing in this Final Judgment, Injunction and Dismissal precludes Epic or Fabrique from asserting any claims or rights that arise solely after entry of this Order or that are based upon any breach of, or the inaccuracy of, any representation or warranty made by the Parties.

8. **Non-Appealability.** This Order and Final Judgment, Injunction and Dismissal is final and may not be appealed by either Party.

9. **Rule 65(d).** Fabrique waives any objection under Federal Rule of Civil Procedure 65(d) (pertaining to injunctions).

10. **Dismissal.** The case is concluded and all claims and counterclaims in this action are dismissed with prejudice and the Clerk shall note this matter as closed.

11. **Retention of Jurisdiction.** The Court shall retain jurisdiction to enforce this Injunction.

SO ORDERED. This the __5__ day of January, 2023.

JAMES C. DEVER III
UNITED STATES DISTRICT JUDGE